IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BARBARA SANON ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-072 |
| | ) | |
| TSAY PROFESSIONAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned employment discrimination case on June 13, 2022, and a summons issued for Defendant that same day. (Doc. nos. 1, 2.) Because she is proceeding *pro se*, on June 14, 2022, the Court provided Plaintiff with basic instructions regarding the development and progression of this case. (Doc. no. 4.) The Court explained Plaintiff is responsible for serving Defendant in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the June 14th Order so that Plaintiff could determine the appropriate method of service for Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), she had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case. (Id.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 5.) Plaintiff did not respond.

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant further extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). The responsibility for effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). The record does not reflect any attempt by Plaintiff to effect service beyond issuance of a summons the same day the case was filed, let alone give any indication that Defendant may be attempting to evade service.

Moreover, although it is not entirely clear based on the information in the complaint whether a refiled action would be time-barred, because Plaintiff has not responded to the Court's June 14, 2022 Order or otherwise taken any action to advance the case since filing the complaint and obtaining a summons in June, Plaintiff has effectively abandoned her case. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible

2

sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").

Additionally, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b).

In sum, Plaintiff commenced this case well over ninety days ago, and she has already been given the benefit of an extended time limit for effecting service.  The Court has warned Plaintiff on multiple occasions that failure to effect service would lead to dismissal of the entire case.  (See doc. nos. 4, 5.)  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendant and abandonment of the case.  See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991); Eades, 298 F. App'x at 863; Fed. R. Civ. P. 41(b).

SO REPORTED and RECOMMENDED this 11th day of October, 2022, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA